| | |
|---|---|
| 1 | KAMALA D. HARRIS<br>Attorney General of California |
| 2 | CHRISTINE MERSTEN<br>Supervising Deputy Attorney General |
| 3 | SETH M. FRIEDMAN<br>Deputy Attorney General |
| 4 | State Bar No. 186239<br>  110 West A Street, Suite 1100 |
| 5 |   San Diego, CA 92101<br>  P.O. Box 85266 |
| 6 |   San Diego, CA 92186-5266<br>  Telephone: (619) 645-3199 |
| 7 |   Fax: (619) 645-2581<br>  E-mail: Seth.Friedman@doj.ca.gov |
| 8 | *Attorneys for Defendant*<br>*California Department of Motor Vehicles* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

**ED CV 12 - 00027 VAP (OPx)**

| | |
|---|---|
| JEANETTE JAIME,<br><br>                              Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF MOTOR VEHICLES; AND DOES 1-10,<br><br>                              Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER SECTION 28 U.S.C. § 1441(b) (Federal Question)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant California Department of Motor Vehicles hereby removes this case, pursuant to 28 U.S.C. sections 1331, 1441 and 1446, from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California.

1

1.    On or about November 2, 2011, an action was commenced in the Superior Court of the State of California in and for the County of Riverside, entitled Jeanette Jaime v. State of California, Department of Motor Vehicles, et al., bearing Case No. INC 1108939. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2.    The Complaint names as Defendant the State of California, Department of Motor Vehicles ("DMV").

3.    The California Attorney General's Office represents Defendant DMV. On or about January 4, 2012, Defendant DMV answered the Complaint. A true and correct copy of the Answer is attached hereto as Exhibit 2.

4.    This Notice of Removal is timely because it is being filed within 30 days of the date that the Complaint was first served on Defendant DMV.

5.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 12101, et seq. This Court has supplemental jurisdiction over the state-law claims under 42 U.S.C. § 1367(a).

Dated: January 4, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
CHRISTINE MERSTEN
Supervising Deputy Attorney General

SETH M. FRIEDMAN
Deputy Attorney General
*Attorneys for Defendant California Department of Motor Vehicles*

SD2011702618
70531138.doc

2

# EXHIBIT 1

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, Esq. SBN 166317
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
(888) 422-5191 fax
mark@potterhandy.com

Attorneys for Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 02 2011

K. CHANK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

**Jeanette Jaime,**

Plaintiff,

v.

**State of California, Department of Motor Vehicles;** and Does 1-10,

Defendants.

Case No. INC 1108934

**Complaint For Damages And Injunctive Relief** For Violations Of: American's With Disabilities Act; California Disabled Persons Act

**Demand For Jury**

Plaintiff Jeanette Jaime complains of Defendants State of California, Department of Motor Vehicles; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from a level T-8 spinal cord injury, is significantly impaired in her ability to walk, and use a wheelchair for mobility.

2. Defendants are, and were at the time of the incident, a public entity that own, operate, control or maintain DMV located at or about 950 Farrell Drive, Palm Springs, California.

1

Complaint

3. Plaintiff does not know the true names of Defendants, their capacities, their connection to the property, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**FACTUAL ALLEGATIONS:**

4. The Plaintiff has gone to the DMV on a number of occasions to take care of DMV related issues including a visit in February of 2011.

5. Unfortunately, although the DMV is not accessible to wheelchair users. Although there are a number of transaction counters or teller-like windows for serving the public, there are no lowered (wheelchair accessible) windows made available for use to the public. The plaintiff is always forced to use a higher transaction counter to her great frustration and difficulty. The lack of an accessible transaction counter is discriminatory and amounts to violations of the laws pled below.

6. The plaintiff personally encountered this violation and it denied her full and equal access. As a vehicle owner and licensed driver, the plaintiff has a regular and ongoing need to use the DMV. She will continue to be denied proper access and full and equal access until the defendants provide a lowered transaction counter.

7. One of the frustrating things is that the DMV has an auxiliary counter, i.e., a lowered counter mounted in close proximity to the primary transaction counters but it is not used for transactions, it is used to display brochures, flyers and other such items. See photo below:

Complaint

[photograph]

8. Plaintiff presented a claim on the defendants on or about May 24, 2011, which claim was formally rejected in a letter dated August 26, 2011.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

9. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

10. Each facility or part of a facility constructed by or for the use of a public entity (after January 26, 1992) shall be designed and constructed so that it is readily accessible and useable by persons with disabilities. Even if the subject facilities predated January 26, 1992, the defendants had a duty to provide programmatic access for existing facilities and to ensure that the programs and services were fully

accessible to persons in wheelchairs. The defendants failed to do this and presented conditions that were unlawful and dangerous to wheelchair users.

11. These were mandatory duties held by the defendants. They are deemed to have knowledge of these duties and their failure to carry out their responsibilities was the product of deliberate indifference. Moreover, in May of 2011, the plaintiff specifically wrote and informed the defendant about the lack of an accessible transaction counter and the fact that it violated the American with Disabilities Act, her need to use a lowered transaction counter, and how she was being discriminated against. The defendant acknowledged receipt of that letter. It has now been months since the plaintiff made the defendant specifically aware of the inaccessible and discriminatory conditions at the subject DMV and the defendant has done nothing to remedy the situation. The defendant's failure to remedy the discriminatory conditions at the DMV is a product of knowing and deliberate indifference to the plaintiff's rights under the ADA.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiff and against all defendants) (Cal Civ. § 54 et. seq.)

12. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

13. Any violation of the ADA is a per se violation of the Disabled Persons Act. Additionally, persons with disabilities are entitled to full and equal access to all places where the public is invited. Here, the defendants denied that access by presenting illegal and dangerous physical conditions to wheelchair users.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act. **Note**: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the American with Disabilities Act and the California Disabled Persons Act which damages provide for actual damages and statutory penalties.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: October 28, 2011                CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: October 28, 2011                CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

5

Complaint

# EXHIBIT 2

1  KAMALA D. HARRIS
   Attorney General of California
2  CHRISTINE MERSTEN
   Supervising Deputy Attorney General
3  SETH M. FRIEDMAN
   Deputy Attorney General
4  State Bar No. 186239
     110 West A Street, Suite 1100
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone: (619) 645-3199
7    Fax: (619) 645-2581
     E-mail: Seth.Friedman@doj.ca.gov
8  *Attorneys for Defendant*
   *California Department of Motor Vehicles*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| **JEANETTE JAIME,**<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, DEPARTMENT OF MOTOR VEHICLES AND DOES 1-10,**<br><br>　　　　　　　　　Defendant. | **Exempt from Filing Fee Pursuant to Gov. Code § 6103**<br><br>Case No. INC 1108939<br><br>**DEFENDANT CALIFORNIA DEPARTMENT OF MOTOR VEHICLES' ANSWER TO COMPLAINT-BY FAX**<br><br>Trial Date: None<br>Action Filed: November 9, 2011 |

1

Defendant California Department of Motor Vehicles ("DMV"), hereby answers Plaintiff Jeanette Jaime's unverified Complaint as follows:

## GENERAL DENIAL

1. Pursuant to section 431.30 of the Code of Civil Procedure, DMV denies generally each and every allegation of the Complaint, each and every cause of action purported to be stated therein, and the whole thereof, and, answering further, denies that Plaintiff has sustained any injuries or damages in the amount alleged or in any other amount.

## AFFIRMATIVE DEFENSE NO. 1

The Complaint, and each and every claim stated therein, fails to allege facts sufficient to constitute a claim against Defendant.

## AFFIRMATIVE DEFENSE NO. 2

Defendant enjoys immunity from suit either directly or indirectly, including but not limited to agency immunity pursuant to California Government Code sections 815, 815.2, 818, 818.2, 818.4, and 818.8.

## AFFIRMATIVE DEFENSE NO. 3

The Complaint, and each and every claim stated therein, fails to allege facts sufficient to entitle Plaintiff to the relief requested therein.

## AFFIRMATIVE DEFENSE NO. 4

The Complaint, and each and every claim stated therein is barred, in whole or in part, and the Court lacks jurisdiction over this matter, in whole or in part, because Plaintiff failed to exhaust her applicable administrative remedies and judicial remedies as provided under the law.

## AFFIRMATIVE DEFENSE NO. 5

The Complaint, and each and every claim stated therein, are barred because the facts or legal theories alleged by Plaintiff exceed the scope of her administrative claim(s) (if any were filed), including but not limited to those filed with the Department of Motor Vehicles and those filed with the California Government Claims Board.

### AFFIRMATIVE DEFENSE NO. 6

The Complaint and each and every claim stated therein are barred by the applicable statute(s) of limitations.

### AFFIRMATIVE DEFENSE NO. 7

The Complaint, and each claim therein is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

### AFFIRMATIVE DEFENSE NO. 8

Plaintiff was not deprived of any right, privilege, or immunity secured to her under the United States Constitution, the California Constitution, or the laws of the United States or the State of California.

### AFFIRMATIVE DEFENSE NO. 9

Plaintiff's claims are barred because, to the extent Defendant was aware of any wrongful conduct, if there was any, Defendant exercised reasonable care to prevent and promptly correct any wrongful conduct, if there was any.

### AFFIRMATIVE DEFENSE NO. 10

If any wrongful activity occurred, or if Plaintiff suffered any injury or damages, it was caused by other parties or persons over whom defendants had no control. Defendant is not vicariously liable for any act or omission of any other person, by way of respondeat superior, agency, or otherwise.

### AFFIRMATIVE DEFENSE NO. 11

Plaintiff's claim for equitable relief is barred, both as a matter of law and because she has an adequate remedy at law and there is no danger of irreparable harm.

### AFFIRMATIVE DEFENSE NO. 12

Plaintiff's claim for damages is barred to the extent that plaintiff has failed to mitigate her damages, if any there were.

### AFFIRMATIVE DEFENSE NO. 13

The Complaint, and each and every claim stated therein, is barred, in whole or in part, by after-acquired evidence.

### AFFIRMATIVE DEFENSE NO. 14

The Complaint, and each and every claim stated therein, fails to state facts upon which an order of attorney's fees can be granted.

### AFFIRMATIVE DEFENSE NO. 15

If Plaintiff is entitled to any recovery, such recovery must be reduced pursuant to the doctrine of comparative fault.

### AFFIRMATIVE DEFENSE NO. 16

If Plaintiff is entitled to any recovery, Defendant is entitled to set off any prior recoveries, compensation, or benefits Plaintiff has received in connection with the injuries or claims identified in this case, and/or from any collateral sources.

### AFFIRMATIVE DEFENSE NO. 17

The Complaint, and each and every claim stated therein, is barred by the doctrines of estoppel, laches, unclean hands, and/or waiver.

### AFFIRMATIVE DEFENSE NO. 18

To the extent Plaintiff has previously raised any of the claims contained in the Complaint in an administrative, judicial or quasi-judicial forum and such issues were adjudicated, and/or a settlement was reached and subscribed to, these claims are now res judicata and/or collateral estoppel.

### AFFIRMATIVE DEFENSE NO. 19

No affirmative relief is warranted, and Plaintiff's claims are barred, because any laws, statutes, regulations, policies or procedures which tend to exclude the disabled, if any do so, are necessary for public safety and the provision of the DMV's services and programs.

### AFFIRMATIVE DEFENSE NO. 20

No affirmative relief is warranted, and Plaintiff's claims are barred, because the modification of practices, policies or procedures to provide DMV's services would fundamentally alter the nature of the programs and services offered.

### AFFIRMATIVE DEFENSE NO. 21

No affirmative relief is warranted, and Plaintiff's claims are barred, because the removal of architectural barriers is not readily achievable.

### AFFIRMATIVE DEFENSE NO. 22

No affirmative relief is warranted, and Plaintiff's claims are barred, because the provision of alternative methods for removal of architectural barriers is not readily achievable.

### AFFIRMATIVE DEFENSE NO. 23

No affirmative relief is warranted, and Plaintiff's claims are barred, because no violations occurred, and Plaintiff suffered no harm, because she was not denied meaningful access to DMV's programs and services.

### AFFIRMATIVE DEFENSE NO. 24

To the extent applicable, Plaintiff's claims are barred by collateral estoppel, res judicata, failure to exhaust administrative remedies, failure to exhaust state remedies, and failure to exhaust judicial remedies.

### AFFIRMATIVE DEFENSE NO. 25

Because plaintiff's complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may apply in this case. Accordingly, Defendant reserves the right to assert additional defenses in this litigation as warranted.

# PRAYER

WHEREFORE, Defendant DMV prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint and that judgment be entered in favor of Defendant;

2. For Defendant's reasonable attorneys' fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: January 4, 2012

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
CHRISTINE MERSTEN
Supervising Deputy Attorney General

SETH M. FRIEDMAN
Deputy Attorney General
*Attorneys for Defendant*
*California Department of Motor Vehicles*

SD2011702618
70531095.doc

6

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Jaime, Jeanette v. Department of Motor Vehicles**
No.:

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On January 4, 2012, I served the attached **NOTICE OF REMOVAL OF ACTION UNDER SECTION 28 U.S.C. § 1441(b) (Federal Question)** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Mark D. Potter, Esq.
Attorney at Law
Center for Disability Access, LLP
9845 Erma Road, Suite 300
San Diego, California 92131

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 4, 2012, at San Diego, California.

| Blanca E. Romero | B Romero |
|---|---|
| Declarant | Signature |

SD2011702118
70531561.doc

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Jeanette Jaime

**DEFENDANTS**
State of California, Department of Motor Vehicles

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Center for Disability Access
9845 Erma Road, Suite 300
San Diego, CA 92131 (858) 375-7385

Attorneys (If Known)
Seth M. Friedman
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101 (619) 645-3199

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. Government Plaintiff
☑ 3. Federal Question (U.S. Government Not a Party)
☐ 2. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. section 12101 et seq. disability discrimination.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☑ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determ- ination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

ED CV 12 - 00027 VAP (OPx)

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) CIVIL COVER SHEET JAN - 6 2012 Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

IX. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside (on information and belief) | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_ Date January 4, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Jaime, Jeanette v. Department of Motor Vehicles**
No.:

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On January 4, 2012, I served the attached **CIVIL COVER SHEET** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Mark D. Potter, Esq.
Attorney at Law
Center for Disability Access, LLP
9845 Erma Road, Suite 300
San Diego, California 92131

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 4, 2012, at San Diego, California.

| Blanca E. Romero | _(signature)_ |
| --- | --- |
| Declarant | Signature |

SD2011702618
70531561.doc