LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00027 GAF (OPx) | Date | February 3, 2012 |
|---|---|---|---|
| Title | Jeanette Jaime v. State of California Department of Motor Vehicles et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**         **(In Chambers)**

**ORDER TO SHOW CAUSE RE: REMOVAL**

     Plaintiff Jeanette Jaime filed this action in Riverside County Superior Court on November 2, 2011, against Defendant State of California, Department of Motor Vehicles ("DMV"), for failing to provide adequate wheelchair access within Defendant's facilities. (Docket No. 1 [Compl.].) Plaintiff alleges that by not having a lowered, wheelchair accessible window made available for use to the public, Defendant is in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and a related California statute. (Id. ¶¶ 9–13.) Defendant DMV removed the action to this Court on January 6, 2012, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a). (Docket No. 1 [Not.] ¶ 5.) However, Defendant's Notice fails to properly plead the date Defendant was served with the Complaint. (See Not. ¶ 4.)

     Courts "strictly construe the removal statute against removal jurisdiction," and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure." Flatwire Solutions, LLC v. Sexton, No. CV 09-07479 DDP (FFMx), 2009 WL 5215757, at *1 (C.D. Cal. Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)). Under 28 U.S.C. § 1446(b), a defendant must remove either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "[i]f the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00027 GAF (OPx) | Date | February 3, 2012 |
|---|---|---|---|
| Title | Jeanette Jaime v. State of California Department of Motor Vehicles et al | | |

     Here, Defendant merely states that the Notice of Removal "is timely because it is being filed within 30 days of the date that the Complaint was first served on Defendant DMV." (Not. ¶ 4.) Nowhere in the Notice does Defendant plead or prove the actual date that it was served. Thus, the Court cannot determine that removal was timely under § 1446. Defendant is therefore **ORDERED TO SHOW CAUSE** no later than **the close of business on February 10, 2012**, as to why this case should not be remanded for procedural defects in the removal process. **<u>Failure to respond by this deadline will be deemed consent to remand</u>**.

     **IT IS SO ORDERED.**